NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0106n.06
Case No. 24-3757

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED
Feb 25, 2025
KELLY L. STEPHENS, Clerk

| | | |
|---|---|---|
| CARLOS ARMANDO MENJIVAR-BONILLA; KARLA LISSETTE MENJIVAR-PEREZ; JOHANNA LISSETTE PEREZ DE MENJIVAR, | ) ) ) ) | |
| Petitioners, | ) ) | ON PETITION FOR REVIEW FROM THE UNITED STATES BOARD OF IMMIGRATION APPEALS |
| v. | ) ) | |
| PAMELA BONDI, Attorney General, | ) ) | OPINION |
| Respondent. | ) | |

Before: SUTTON, Chief Judge; GRIFFIN and MATHIS, Circuit Judges.

SUTTON, Chief Judge. The Menjivar family challenges the Board of Immigration Appeals' denial of their application for asylum, withholding of removal, and protection under the Convention Against Torture. We deny their petition for review.

The Menjivars—Carlos, his wife Karla, and their daughter Johanna—are citizens of El Salvador. They entered the United States illegally in 2018. Within days, the Department of Homeland Security began removal proceedings against them. They conceded their removability but applied for asylum, withholding of removal, and protection under the Convention Against Torture.

In their defense, the Menjivars said they came to the United States to escape the MS-13 gang. Two armed gang members approached Carlos on his way to work, told him that they were "watching [his] family," and demanded that he surveil his neighborhood on their behalf. AR 131–

32, 139. When he refused, they told him that, if he did not give them $5,000, they would kill his wife and daughter. A similar scene—the same two gang members, the same demand, and the same threat—repeated itself twice over the next few weeks. After their third encounter, Carlos filed a police report. About a week later, the Menjivars fled El Salvador.

The immigration judge denied their application. As to their asylum and withholding of removal claims, he held that the Menjivars had failed to show that (1) they had been persecuted, (2) they were part of a socially distinct group, (3) they availed themselves of protection in El Salvador, and (4) they could not safely relocate within El Salvador. As to their Convention Against Torture claim, the immigration judge held that the Menjivars had failed to show that the government would acquiesce in their torture.

The Menjivars' attorney filed a notice of appeal with the Board of Immigration Appeals. The notice said that the immigration judge erred in failing to find that the Menjivars were persecuted and that they were part of a socially distinct group. The notice also promised a written brief. When the Menjivars' attorney failed to file such a brief by the deadline, the Department of Homeland Security moved to dismiss the appeal.

The Board granted the motion. It explained that the Menjivars' notice of appeal failed to come to grips with three key premises of the immigration judge's decision—that they failed to avail themselves of protection in El Salvador, that they failed to show they could not safely relocate within the country, and that they failed to show that the government would acquiesce in their torture. Because those holdings were "determinative of their claims," the Board dismissed the appeal. AR 8. This petition followed.

Before seeking our review, noncitizens must "exhaust[] all administrative remedies available to [them] as of right." 8 U.S.C. § 1252(d)(1). That means more than just filing a notice

2

of appeal with the Board and calling it a day. "[T]o give the agency a fair and full opportunity to adjudicate their claims," *Woodford v. Ngo*, 548 U.S. 81, 90 (2006), "immigrants must present the specific issue that they seek to raise in court in [their] notice of appeal to the Board," *Singh v. Rosen*, 984 F.3d 1142, 1155 (6th Cir. 2021). If they fail to raise the issue there, we cannot decide it here. While this exhaustion requirement is not jurisdictional, *see Santos-Zacaria v. Garland*, 598 U.S. 411, 416 (2023), we must enforce this claims-processing requirement when the government invokes it, *see McIntosh v. United States*, 601 U.S. 330, 337 (2024).

That rule resolves this appeal. While the Menjivars' briefing in our court attempts to make an argument as to each element of these claims, they failed to present those arguments to the Board. In the absence of those unexhausted arguments, they cannot show that they are entitled to relief under the various statutes they invoke.

Start with the Menjivars' asylum claim, which required them to show that they face a "well-founded fear of persecution" in El Salvador. 8 U.S.C. §§ 1101(a)(42)(A), 1158(b)(1)(A). Because "persecution" entails harm attributable in some way to the state, *Ortiz v. Garland*, 6 F.4th 685, 688 (6th Cir. 2021), the Menjivars must show that the feared violence—in this case from private parties—was caused by individuals that the state is "unable or unwilling to control," *Palucho v. Garland*, 49 F.4th 532, 536 (6th Cir. 2022) (quotation omitted). But the immigration judge held that the Menjivars failed to show that the police were "unable" or "unwilling" to protect them from the "entirely private" violence of MS-13, AR 46–47, and the Menjivars said not a word about that issue in their notice of appeal. On this record, their asylum claim fails.

Turn to the Menjivars' claim for withholding of removal, which required them to show that their "life or freedom would be threatened" in El Salvador. 8 U.S.C. § 1231(b)(3)(A). Because that imposes a "higher burden" than a claim for asylum, a noncitizen who fails to show a "well-

founded fear of persecution" sufficient to qualify for asylum "necessarily does not qualify for withholding of removal." *Singh v. Ashcroft*, 398 F.3d 396, 401 (6th Cir. 2005); *see also Guzman-Vazquez v. Barr*, 959 F.3d 253, 273–74 (6th Cir. 2020). Because the Menjivars were unable to show such a fear of persecution on this record as to their asylum claim, their claim for withholding of removal fails as well.

Turn, last of all, to the Menjivars' claim under the Convention Against Torture. Under the Convention, the Menjivars needed to show not only that they would likely be tortured in El Salvador, but also that their torture would occur with "the consent or acquiescence of" government officials. *Sabastian-Andres v. Garland*, 96 F.4th 923, 931 (6th Cir. 2024) (quotation omitted). The immigration judge expressly found that the Menjivars failed to show that Salvadoran officials would turn a blind eye to MS-13's crimes, and the Menjivars did not argue to the contrary in their notice of appeal. On this record, their claim under the Convention also fails.

Attempting to fend off these conclusions, the Menjivars protest that their counsel before the immigration judge and the Board was ineffective, which should allow them to argue here what their counsel failed to argue there. But ineffective assistance is itself a claim that must be presented to the Board first, typically through a motion to reopen. *Patel v. Garland*, 116 F.4th 617, 624 (6th Cir. 2024); *see also Etchu-Njang v. Gonzales*, 403 F.3d 577, 584 (8th Cir. 2005) (collecting cases). The Menjivars did not raise an ineffective-assistance claim in their appeal to the Board, nor have they filed a motion to reopen. If they move to reopen, and the Board rules against them, they may seek review in this court. *See Kucana v. Holder*, 558 U.S. 233, 253 (2010). Until then, we may not consider this claim.

For these reasons, we deny the petition for review.